This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PATRICIA BOJORQUEZ,**

Plaintiff-Appellee,

v.                                                              **NO. A-1-CA-37863**

**CONN APPLIANCES, INC.
and CONN CREDIT I, LP,**

Defendants-Appellants,

and

**CONN CREDIT CORPORATION, INC.,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Marci E. Beyer, District Judge**

Flores, Tawney & Acosta, P.C.
Daisy Chaparro
Las Cruces, NM

for Appellee

Robles, Rael & Anaya, P.C.
Marcus J. Rael, Jr.
Jordon P. George
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendants appeal from the district court's order denying their motion to compel arbitration. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendants filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In their MIO, Defendants continue to contend that Plaintiff entered into the retail installment contract attached to their motion to compel arbitration (Agreement), which contains an arbitration provision, and that Plaintiff has admitted she entered into the Agreement. [MIO 1-3] Defendants urge us to agree with their conclusion because Plaintiff admitted to purchasing approximately $4,500 of furniture and the Agreement likewise reflects a transaction for approximately $4,500 of merchandise. [MIO 3] Additionally, Defendants note that the Agreement is the only document in the record evidencing Plaintiff's contractual relationship with Defendants, and Plaintiff admitted she signed some paperwork indicating a loan for $4,500. [MIO 2-3] Essentially, Defendants ask us to rely on coincidences and the absence of additional documents in the record to support their argument that Plaintiff entered into the Agreement. However, we will not reweigh the evidence on appeal nor disturb the district court's credibility determinations. *See N.M. Taxation & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 ("We will not reweigh the evidence nor substitute our judgment for that of the fact finder." (alteration, internal quotation marks, and citation omitted)).

**{3}** Defendant's MIO is not responsive to the detailed reasoning of our proposed affirmance, in which we stated that the evidence appears to support that Plaintiff never entered into the transaction alleged by Defendant, any contractual relationship between the parties stemmed from a different transaction not reflected in the Agreement, and parties are not required to arbitrate in the absence of a valid contract. [CN 5-8] *See Flemma v. Halliburton Energy Servs., Inc.*, 2013-NMSC-022, ¶¶ 14, 28, 303 P.3d 814 (holding that state law determines whether a contract exists and that a valid agreement to arbitrate is a prerequisite to compel arbitration). Defendants have not asserted any facts, law, or argument in their MIO that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{5}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**